# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| WILBUR MOSES, JR., ) | |
| #244241, ) | |
|   ) | CIVIL ACTION NO. 9:15-00070-DCN-BM |
| Petitioner, ) | |
|   ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
|   ) | |
| WILLIE E. EAGLETON, ) | |
|   ) | |
| Respondent. ) | |
| _____) | |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The original petition was filed pro se on January 5, 2015.[1] On August 17, 2015, the Court granted Petitioner's Motion to Amend/Correct, and Petitioner filed an Amended Petition on September 1, 2015.

The Respondent filed a return and motion for summary judgment on December 9, 2015. As the Petitioner is proceeding pro se, a Roseboro order was filed on December 11, 2015, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Petitioner

___

[1]Since there is no delivery date to the prison mailroom shown on the envelope, the Court has used the date of the petition, which is the same as the postage date, as the filing date for limitations purposes. Cf. Houston v. Lack, 487 U.S. 266, 270-276 (1988).

1



<a>
</a>
<a>
</a>

thereafter filed a request for entry of default judgment and a response in opposition to the motion for summary judgment on January 4, 2016.

This matter is now before the Court for disposition.[2]

### Procedural History

Petitioner was indicted in Florence County in June 2009 for possession of a controlled substance second offense (Diazepam, C-IV and Hydrocodone, C-III) and possession of cocaine base with intent to distribute [Indictment No. 2009-GS-21-00814]. See Court Docket No. 22-1, pp. 57-58. Petitioner was represented by Scott Floyd, Esquire. On October 12, 2010, after selecting a jury, Petitioner opted to plead guilty to the cocaine charge, and the State dismissed the controlled substance charge. See Court Docket No. 22-1, pp. 1-13; see also Court Docket No. 22-2. The trial court then accepted a report from the Department of Mental Health finding Petitioner competent to stand trial, and then heard and accepted the plea. Id. Petitioner was sentenced to eight (8) years imprisonment. See Court Docket No. 22-1, p. 11. Petitioner did not appeal the plea and/or sentence.

On June 28, 2011, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court; Wilson v. State of South Carolina, No. 2011-CP-21-1678; raising the following issues:

> **Ground One**: Ineffective Assistance of Counsel [and] Unlawfully sentencing and arguments of incompetency of [Petitioner].
>
> Supporting Facts: Did not advise [Petitioner] of correct plea that was being entered before Court. Denial to get Petitioner proper review regarding competency - incompetency.

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



See Court Docket No. 22-1, p. 16.

Petitioner was represented in his APCR by Charles T. Brooks, Esquire, and an evidentiary hearing was held on Petitioner's application on January 31, 2012. See Court Docket No. 22-1, pp. 25-51). The PCR judge orally denied relief at the end of the hearing, followed up by a written order filed February 13, 2012 (dated February 9, 2012), denying relief on the APCR in its entirety. See Court Docket No. 22-1, pp. 49-50, 52-56.

Petitioner filed a timely appeal of the PCR court's order. Petitioner was represented on appeal by Robert M. Pachak, Appellate Defender of the South Carolina Office of Appellate Defense, who filed a Johnson[3] petition requesting to be relieved and raising the following issue:

> Whether plea counsel was ineffective for failing to challenge Petitioner's competency?

See Petition, p. 2 (Court Docket No. 22-3, p. 3).

Petitioner also submitted a pro se response to the Johnson petition, raising the following issues:

> **Ground One:** Plea Counsel was inept and constitutionally ineffective for failing to challenge Petitioner's competency at the time he pleaded guilty.
>
> **Ground Two**: Because Petitioner was not advised of the elements of the crime of possession of cocaine base with intent to distribute 2nd offense on the record, Petitioner's guilty plea is constitutionally invalid.
>
> **Ground Three:** Because counsel did not investigate Petitioner's prior drug conviction for the purpose of [a defense to] an enhancement to a second offense by the Court, counsel's advice to the Petitioner to plead guilty was erroneous.
>
> **Ground Four:** Because counsel advised the Petitioner to plead guilty when there is a flaw on the face of the charging instrument, counsel was inept and constitutionally ineffective.

---

[3]Johnson v. State, 364 S.E.2d 201 (S.C. 1998); see also Anders v. California, 386 U.S. 744 (1967).



See Court Docket No. 22-5, pp. 2, 4-6.

On September 29, 2014, the South Carolina Court of Appeals denied Petitioner's writ of certiorari and granted counsel's request to be relieved. See Court Docket No. 22-6. The Remittitur was sent down on October 17, 2014. See Court Docket No. 22-7.

In his initial Petition for writ of habeas corpus filed in this United States District Court, Petitioner raised the following issues:

> **Ground One**: Petitioner enter plea incompetent . . . counsel fail to challenge whether Petitioner was competent or incompetent to stand trial.
>
> **Ground Two**: Ineffective assistance of counsel . . . counsel allow me to accept plead of guilty [while] incompetent . . . .
>
> **Ground Three**: Denied to get proper review regarding competency, incompetency test.

See Petition, pp. 5-8 (Errors in Original).

Petitioner then amended his Petition to include the following claims:

> **Ground One:** Initial review-collateral counsel failed to amend or raise substantial ineffective-assistance-of-trial counsel claim. That trial counsel fail to advise of right to remain silent and waive defenses.
>
> **Ground Two:** Initial review-collateral counsel fail to amend or raise substantial ineffective-assistance-of-trial counsel claim. That trial counsel fail to advise of right to contest and suppress evidence.

See First Amended Petition, pp. 6-8. (Errors in Original).

Both of these Petitions were ordered served on the Respondent as one Petition encompassing Petitioner's claims. See Order (Court Docket No. 12).

Petitioner subsequently moved to amend/correct his Petition. Since the ground Petitioner was seeking to pursue was not clearly set forth in his motion to amend/correct, the Court

4



gave Petitioner time to file an amendment setting forth that ground.  When Petitioner filed his amendment, the only ground remaining to be dealt with was Petitioner's claim that trial counsel was incompetent in his representation of the Petitioner for allowing him to plead guilty while mentally incompetent, as follows:

> Whether plea counsel was ineffective for failing to challenge Petitioner [sic] competency.
>
> **Supporting Facts**: Plea counsel was ineffective assistance in failing to inform the trial judge his client was taken 12 different psychiatrical [sic] medications that affect his mental faculties and capacities to understand the proceedings.  Counsel failed to investigate the nature and side effect and make known each medication and that the influence of the medications affect clients understanding of the charges to which client plead.

See Court Docket 42, p. 5.  (Errors in Original).

### **Discussion**

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11.  Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).



**I.**

Initially, while Respondent does not dispute that Petitioner's original Petition was timely filed, Respondent argues that Petitioner's Amended Petition is time barred based on its filing date of September 1, 2015. Respondent argues that the issue raised in the Amended Petition does not relate back to any issue presented in the original petition, thereby requiring its dismissal, and citing as support the case of <u>Mayle v. Felix</u>, 545 U.S. 644, 664 (2005)[Finding that "claims that are tied to a common core of operative fact" may be allowed as relating back to original grounds, but rejecting a broad approach that claims merely need to relate to the challenged conviction]. However, the undersigned does not find that Petitioner's <u>pro se</u> Amended Petition should be dismissed as time barred.

In his original petition, Petitioner raised issues regarding his competency and counsel's ineffectiveness, while in his Amended Petition, Petitioner again presents the issue of his competency as an ineffective assistance of counsel claim. Therefore, both Petitioner's original Petition and his Amended Petition have some of the same common core of operative facts. <u>Mayle</u>, 545 U.S. at 664. Accordingly, based upon those common facts and the specific procedural history of this habeas petition, the Court's previous order, a liberal construction of the <u>pro se</u> Amended Petition, and giving the <u>pro se</u> Petitioner every benefit of the doubt, the undersigned concludes that the claim presented in the Amended Petition relates back to his original filing date, at least for purposes of summary judgment, and is not time barred. Therefore, the undersigned has proceeded to a further consideration of Petitioner's claim.

**II.**

Petitioner argues in his Amended Petition that his trial counsel was ineffective for



failing to challenge his competency. This claim was addressed both in Petitioner's PCR proceedings, where he had the burden of proving the allegations in his petition; Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986); as well as on appeal to the State Court of Appeals. See Court Docket No. 22-1, pp. 16, 49-50, 54-56; Court Docket no. 22-3; Court Docket No. 22-6. The PCR court rejected this claim, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See Moses v. State of South Carolina, No. 2011-CP-21-1678.

Specifically, the PCR judge found that: 1) Petitioner pled guilty to Distribution of Cocaine Base, second offense; 2) in exchange for Petitioner's plea, the State dismissed the separate charge of Possession of a Controlled Substance, second offense, and Petitioner was sentenced to eight years imprisonment, when he was facing thirty years for each of the original charges; 3) Petitioner alleged counsel was ineffective and that at the time of his plea he was not competent to enter a plea because he was under the influence of medication, which prevented him from understanding the consequences of pleading guilty; 4) the record did not support Petitioner's allegations as the record was clear that the sentencing judge thoroughly covered Petitioner's competency and ability to understand his plea through a colloquy with Petitioner; 5) whereas Petitioner testified that his counsel advised him to say "yes" to each question from the Judge, the transcript revealed that Petitioner responded "No" and "Not to my knowledge" to questions asked, while also advising the Court that he was satisified with his lawyer and "appreciate[d] him"; 6) by way of explanation, Petitioner contended his answers to the sentencing judge were not truthful; 7) however, the PCR Court found Petitioner's testimony at his PCR hearing not credible, and found no reason to depart from Petitioner's truthfulness at his guilty plea; 8) Petitioner's counsel Scott P. Floyd



testified that Petitioner did not appear to be under the influence of medication, or any other substances, and that he appeared to understand his decision to plead guilty; 9) counsel further testified that it was Petitioner's decision to plead; 10) Petitioner did not met his burden of proof; 11) counsel's testimony was credible and the PCR Court gave it great weight; 12) Petitioner's testimony was not credible while the PCR Court further noted that Petitioner agreed with the Solicitor's statement of facts given at the guilty plea; 13) the plea transcript was conclusive as to the issue of Petitioner's ability to understand the proceedings, and the PCR Court found that the Petitioner's plea was knowing and voluntary; and 14) Petitioner did not meet his burden of proof and therefore the application was denied. See Court Docket No. 22-1, pp. 54-55.

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th



Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)).  Even so, with regard to the ineffective assistance of counsel claim that was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 529 U.S. 362 (2000).  See Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"].  Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694.  In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective.  First, the Petitioner must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment.  Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. Further, where a guilty plea is involved, in order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, he would not

9



have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985).

Here, after careful review of the record and the arguments presented, the undersigned finds and concludes for the reasons set forth hereinbelow that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under the standard of Strickland and Hill, or that his guilty plea was not voluntarily and knowingly entered. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

A review of the record confirms that at Petitioner's guilty plea the Solicitor informed the plea court that Petitioner had been ordered to submit to a mental evaluation to determine his competency to stand trial and whether or not he had the ability to conform his behavior at the time of the crime. See Court Docket No. 22-1, p. 3. The Solicitor provided the plea judge and Petitioner's counsel a copy of the report, and then informed the Court that Petitioner had been found competent to stand trial, as well as having had the ability to conform his behavior at the time of the crime. Id. The plea court then stated, "I hold in my hand two documents from the Department of Mental Health, dated July 29, 2010, that indicate that he is, indeed, competent to stand trial and he has the ability to conform his conduct to the confines of the law. And do you have any additional evidence to offer with regard to his sanity or competency?" See Court Docket No. 22-1, R.p. 3. After Petitioner's counsel replied that he did not, the plea judge found "[w]ell, in view of that I'm going to make these a part of the record. I do, indeed, find that he is competent and has the ability to conform his conduct to the law, and that he is indeed sane." See Court Docket No. 22-1, R.p. 4. Counsel also told the plea court later in the proceedings that while he had requested a mental evaluation after initially reviewing some of the facts in the incident report and some of the medical information, that Petitioner had been

10



found competent, and that after talking with him he felt confident that Petitioner understood the proceedings and understood what he was doing there at that time.  See Court Docket No. 22-1, R.p. 10.

Petitioner's counsel also affirmed in open court and in Petitioner's presence that he had explained to Petitioner that on the charge of distribution of cocaine base, second offense, he could receive up to thirty (30) years and that there was a minimum mandatory five (5) year provision with regard to this sentence.  (Court Docket No. 22-1, R.p. 4).  Counsel further confirmed that Petitioner understood that since this was a second offense, that it was a non-parolable offense, and that he would serve it day for day, subject to the 85 percent rule.  Id.  Counsel then informed the Court that Petitioner wished to plead guilty, that he agreed with Petitioner's decision, and opined that if called upon to do so the State could prove him guilty beyond a reasonable doubt.  See Court Docket No. 22-1, R.pp. 4-5.  The Petitioner then himself addressed the Court and testified that he was not under the influence of drugs or alcohol and that he understood what was taking place.  Petitioner also specifically testified that he was not experiencing any kind of physical or mental problem that prevented him from understanding what was going on.  See Court Docket No. 22-1, R.p. 5.

The Court then inquired as to whether, since Petitioner was on some medication at the time, that medication affected his ability to understand, to which Petitioner responded, "Not to my knowledge."  See Court Docket No. 22-1, R.p. 5.  The Court then instructed the Petitioner to listen carefully to the facts, following which the Solicitor recited the facts to the Court.  See Court Docket No. 22-1, R.pp. 5-7.  The Court then asked the Petitioner if he was indeed guilty of the charge of distribution of crack cocaine, second offense, to which Petitioner responded, "They was inside my vehicle."  See Court Docket No. 22-1, R.p. 7.  The following colloquy then took place:



>    The Court: Okay. Were you guilty of possession with intent to distribute?
>
>    Petitioner: Yes, sir, I guess, Your Honor.
>
>    The Court: Okay. Are you guilty of the offense for which you're charged?
>
>    Petitioner: Yes, your honor.

See Court Docket No. 22-1, R.p. 7.

       The Court then informed the Petitioner that he did not have to plead guilty, that he could exercise his right to a jury trial, that the jury would determine whether or not the State had actually proved he was guilty beyond a reasonable doubt, that the Court would charge the jury that he was presumed innocent, that no one could require him to take the witness stand, that he could subpoena witnesses if he wished, that he and his lawyer could cross-examine the State's witnesses, that he had the right to confront the witnesses, and that by pleading guilty, he was giving up all these rights. Petitioner responded in the affirmative and testified that he understood and was indeed guilty. See Court Docket No. 22-1, R.pp. 7-8. Further, when the plea judge inquired as to whether Petitioner was satisfied with his counsel, Petitioner responded, "[y]es, I appreciate him, Yes." See Court Docket No. 22-1, R.p. 9. Petitioner testified that his counsel had done everything that he had asked him, and that he did not need any additional time to confer with counsel. See Court Docket No. 22-1, R.p. 8. Petitioner also affirmed that no one had promised him anything, threatened him, or mistreated him in any way, shape or form in an effort to get him to plead guilty. See Court Docket No. 22-1, R.p. 9.

       Petitioner concluded his remarks by affirming that it was his decision to plead guilty, that he was indeed guilty, that he understood all of the Court's questions, that all of his answers to the Court were truthful, and that he understood that he had ten (10) days to appeal any decision. See



Court Docket No. 22-1, R.p. 9.  The plea court then found that there was a substantial factual basis for the plea, and that Petitioner's decision to plead was freely, knowingly and voluntarily entered into with the consent of competent counsel, with whom Petitioner was satisified.  See Court Docket No. 22-1, R.p. 9.

There is nothing in this record to indicate any ineffective assistance of counsel or that Petitioner's plea was not knowingly and voluntarily entered.  Nor does the record from Petitioner's PCR proceeding contain any evidence to justify the overturning of his plea or conviction.  Petitioner testified at his PCR hearing that at the time of his plea hearing he was "taking like 12 different types of medications, psyche medications, and it had me like I didn't know whether or not if it was right what I was doing or not."  See Court Docket No. 22-1, R.p. 31; see also p. 32.  Petitioner also testified that his counsel told him to just say "yes, Your Honor to it" at the plea.  See Court Docket No. 22-1, R.p. 31.  However, Petitioner's counsel testified at the PCR hearing that while he tells his clients to address the Court as "Your Honor", that he would not tell a client how to answer questions.  See Court Docket No. 22-1, R.p. 45.  Counsel further testified that he was aware of the medicines that Petitioner was taking, that he had had him evaluated, and that Petitioner had been found to be competent.  See Court Docket No. 22-1, R.pp. 42-43.  Counsel also testified that before Petitioner's plea he reviewed Petitioner's right to a trial with him and made sure Petitioner understood his plea and that Petitioner appeared to understand what was communicated to him, and that he would not have proceeded with a plea if his client appeared to be affected by medications in such a way that he would not have understood what was going on or if he was unable to answer his questions.  See Court Docket No. 22-1, R.pp. 47-48.

There is nothing in this record which establishes any entitlement to relief, or to show



that Petitioner was not competent to enter his guilty plea. The PCR court found Petitioner's counsel credible on this issue and that Petitioner was not credible, findings that are entitled to substantial deference on habeas corpus review. Marshall v. Lonberger, 459 U.S. 422, 434 (1983)["28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court ..."]. While a district court may, in an appropriate case, reject the factual findings and credibility determinations of a state court; Miller-El v. Cockrell, 537 U.S. 322, 340 (2003); the court may not substitute its own credibility determinations for those of the state court simply because it may disagree with the state court's findings (assuming that were to be the case). Further, given the deference due the state court's findings on this credibility issue, Petitioner has not shown that the state court's findings were unreasonable under § 2254(d), nor has Petitioner overcome the presumption accorded to the PCR court's findings. See Pondexter v. Dretke, 346 F.3d 142, 147-149 (5th Cir.2003)[finding that the district court "failed to afford the state court's factual findings proper deference" by "rejecting the state court's credibility determinations and substituting its own views of the credibility of witnesses."]; Evans, 220 F.3d at 312. See Seymour v. Walker, 224 F.3d 542, 553 (6th Cir.2000)["Given the credibility assessment required to make such a determination and the deference due to state-court factual findings under AEDPA, we cannot say that the trial court's finding was unreasonable under § 2254(d)(2)."].

Moreover, in addition to being advised by counsel, it is clear in the record that after the Solicitor went over the facts of the case at the plea hearing (and Petitioner affirmed his guilt), that the plea judge also went over Petitioner's rights with him and the potential sentences prior to the acceptance of the plea, following which Petitioner admitted he had committed the crime and entered his plea of guilty. Cf. Pittman v. South Carolina, 524 S.E.2d 623, 625 (S.C. 1999) ["A defendant's



knowing and voluntary waiver of the constitutional rights which accompany a guilty plea 'may be accomplished by colloquy between the Court and the defendant, between the Court and defendant's counsel, or both."] (citing State v. Ray, 427 S.E.2d 171, 174 (S.C. 1993)); see also State v. Lambert, 225 S.E.2d 340 (1976)); Roddy v. South Carolina, 528 S.E.2d 418, 421 (S.C. 2000). See Sargent v. Waters, 71 F.3d 158, 160 (1995)["The [United States] Supreme Court has . . . held that while 'the governing standard as to whether a plea of guilty is voluntary for purposes of the Federal Constitution is a question of federal law, and not a question of fact subject to the requirements of 28 U.S.C. § 2254(d),' the historical facts underlying such pleas are entitled to deference under the statute."](quoting Marshall, 459 U.S. at 431-432). Petitioner did not present any evidence or witnesses to support his assertion that he was not mentally competent to enter this plea in either his PCR proceedings or as part of this federal petition to support his arguments, or that would have changed the outcome of his decision to plead guilty. Bassette v. Thompson, 915 F.2d 932, 941 (4th Cir. 1990); cf. Bannister v. State, 509 S.E.2d 807, 809 (S.C. 1998)["This Court has repeatedly held a PCR applicant *must* produce the testimony of a favorable witness or otherwise offer the testimony in accordance with the rules of evidence at the PCR hearing in order to establish prejudice . . ."]. As such, Petitioner has not provided this Court with any evidence that he did not intend to plead guilty to the charges, under oath to the presiding judge, without objection in open court. Cf. Jeter v. State, 417 S.E.2d 594, 596 (S.C. 1992) [Petitioner has burden of proof to show he was incompetent at time of plea].

Therefore, there is nothing reversible in the state court's findings based on the record of this case, and Petitioner has failed to establish that his counsel was ineffective or that his plea was involuntary because of a lack of competence. Evans, 220 F.3d at 312. Criminal defendants often



make the decision to plead guilty based on a likelihood of conviction at trial, and although Petitioner now claims that his plea was involuntary based on his alleged mental incompetence, "[r]epresentations of the Defendant, his lawyer and the prosecutor at [arraignment], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings...The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Further, statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective assistance of counsel. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d. 167, 171 (4th Cir. 1981). Here, Petitioner readily admitted his guilt, and he has failed to show his counsel was ineffective under the standards discussed hereinabove. Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]; see also Wade v. State, 419 S.E.2d 781, 782 (S.C. 1992)["Court must uphold the findings of the PCR judge if such findings are supported by any evidence"]; Hill, 474 U.S. 52 [Where a guilty plea is involved, in order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, he could not have pled guilty and would have insisted on going to trial].

  Accordingly, Petitioner has failed to show deficient performance or prejudice on trial counsel's part for failing to pursue or obtain any such evidence or make any further arguments to the court. Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. This issue is therefore without merit and should be dismissed.

### Conclusion

  Based on the foregoing, it is recommended that the Respondent's motion for summary



judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

January 29, 2016
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

